NOT DESIGNATED FOR PUBLICATION

Nos. 122,483
122,484

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTOR A. WENTE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed October 30, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Victor A. Wente appeals the revocation of his probation and imposition of his underlying sentence in two cases. We consolidated these cases for appeal and granted Wente's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no abuse of discretion by the district court, we affirm.

1

In district court case 17CR120, Wente pled guilty to possession of methamphetamine, a severity level 5 drug felony. In April 2018, he was sentenced to an underlying 20 months' in prison with probation granted for 18 months.

In district court case 17CR136, Wente pled guilty to interference with law enforcement, a severity level 9 nonperson felony. On the same day as the other case, he was sentenced to an underlying 10 months in prison with probation granted for 12 months. In February and October 2019, he agreed to extensions of his probation until his court obligations were paid in full.

In November 2019, the State filed motions for revocation of his probation in both cases alleging that he violated the conditions of his probation by:

- Failing to obey all laws–October 19, 2019, arrest for criminal possession of a firearm by a felon;
- failing to make payments to satisfy his court obligations; and
- testing positive for methamphetamine and marijuana/THC on several occasions.

Two months later, Wente's intensive supervision officer (ISO) filed a supplemental affidavit alleging that Wente had pled guilty to criminal use of weapons, a misdemeanor. The ISO filed a copy of the journal entry of plea and sentencing.

At the revocation hearing, the district court revoked Wente's probation and imposed his underlying sentences because he had committed a new crime. Wente timely appeals.

ANALYSIS

Once a probation violation has been established the district court's decision to revoke the offender's probation and impose the underlying sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A judicial action constitutes an abuse of discretion if the action (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Kansas statutes limit the court's discretion in deciding how to sanction a felony probation violator. K.S.A. 2016 Supp. 22-3716(c). The statute provides that a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2016 Supp. 22-3716(c)(8)(A).

Here, the district court had the statutory authority to revoke Wente's probation. Wente does not dispute that he was convicted of a new misdemeanor while on probation in these cases. Given his repeated drug usage and violations of the law, the district court's decision to revoke his probation and impose his underlying sentences was reasonable.

Affirmed.